# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 16-60507
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH S. NETHERLAND,

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-135-1

———

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Keith S. Netherland appeals his 24-month sentence imposed following the second revocation of his term of supervised release arising from his 2005 guilty plea to being a felon in possession of a firearm. He argues that his sentence was procedurally unreasonable because the district court did not provide a legally sufficient reason for imposing a sentence above the recommended policy statement range.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60507

Netherland did not specifically object at sentencing to the district court's failure to provide adequate reasons for imposing an above-guidelines sentence. Thus, review of this claim is for plain error only, requiring a showing of an error that is clear or obvious and affects his substantial rights. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). While required to provide some explanation for a sentence above the recommended range, review of the adequacy of the district court's reasons for a revocation sentence is more deferential than review of the original sentence. *United States v. Miller,* 634 F.3d 841, 843 (5th Cir. 2011).

The district court specifically stated that it had considered the Chapter 7 policy statements and the advisory guidelines sentencing range and explicitly considered the 18 U.S.C. § 3553(a) sentencing factors, as reflected in its comments on the nature and circumstances of the violations, Netherland's historic and characteristic failure to take advantage of opportunities provided to him, and the need to impose a sentence to deter Netherland from repeating the violations of the conditions of supervised release. *See Whitelaw*, 580 F.3d at 261. The reasons provided by the district court were more than sufficient to allow this court to review the district court's justification for the sentence and to assess its reasonableness. *See id.* at 264-65. Netherland has not demonstrated a procedural error by the district court that constitutes clear or obvious error that affected his substantial rights. *Id.* at 259-60.

In arguing that his sentence is substantively unreasonable, Netherland asserts that evidence of the totality of the circumstances surrounding the violation of his supervised release was limited to his undisputed testimony given at the hearing. According to Netherland, he provided legitimate and undisputed reasons for his failure to comply with the conditions of supervised

2

release, and this evidence did not justify the statutory maximum sentence he received.

At sentencing, Netherland preserved the issue of the substantive reasonableness of his sentence, and, therefore, review is for an abuse of discretion, examining the totality of the circumstances. *See United States v. Warren,* 720 F.3d 321, 332 (5th Cir. 2013). The district court expressly considered the policy statements and relevant § 3553(a) factors and made it clear that Netherland's repeated failure to comply with the conditions of supervised release and inability to take responsibility for his actions required it to impose the statutory maximum. The district court's credibility determinations are entitled to great deference. *See United States v. Alaniz-Alaniz,* 38 F.3d 788, 791 (5th Cir. 1994). Based on the totality of the circumstances, Netherland has not shown that the 24-month sentence imposed was unreasonable and, thus, he has not demonstrated that the sentence was substantively unreasonable or that it is plainly unreasonable. *See United States v. Kippers,* 685 F.3d 491, 500-01 (5th Cir. 2012). The sentence is AFFIRMED.